UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYING TECHNOLOGY DEVELOPMENT
CO., LIMITED,

                          Plaintiff,

         -against-

CAN GLASS INC.,

                          Defendant.

24-CV-4209 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiff Waying Technology Development Co., Limited's motion for default judgment against Defendant Can Glass Inc. For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED.

## BACKGROUND

Plaintiff seeks a declaratory judgment of invalidity and non-infringement of U.S. Design Patent No. D977,994 ("D'994 Patent"), filed on May 31, 2022 and issued on February 14, 2023, and U.S. Design Patent No. D979,426 ("D'426 Patent," together with the D'994 Patent, the "Patents"), filed on March 2, 2022 and issued on February 28, 2023. ECF No. 1 ("Complaint" or "Compl.") ¶¶ 1, 9, 12.[1] Both patents disclose an ornamental design for a glass can. *Id*. ¶¶ 8, 11.

Plaintiff sells drinking glasses through its Amazon storefront, Coolife USA Direct. *Id*. ¶ 14. On or around November 26, 2023, Defendant filed complaints with Amazon.com regarding Plaintiff's products. *Id*. ¶ 17. On or around December 11, 2023, Plaintiff's counsel sent a letter to Defendant's counsel detailing the lack of infringement and invalidity of the D'994 Patent. *Id*.

---

[1] In its Complaint, Plaintiff also alleges that Defendant committed tortious interference with a contractual relationship and tortious interference with a prospective business expectancy. Compl. ¶ 2. However, these are not included in Plaintiff's causes of action nor in Plaintiff's motion for a default judgment. Thus, the Court does not analysis these potential claims.

¶ 18; *see also* ECF No. 1-3 ("I write on behalf of Amazon storefront Coolife USA Direct ('Coolife') in response to your Amazon Complaint ID 14317581821, alleging infringement of Can Glass Inc.'s U.S. Design Patent No. D977994."). Plaintiff's counsel reached out to Defendant's counsel regarding their initial letter multiple times but did not receive a written response. Compl. ¶¶ 19–22; *see also* ECF Nos. 1-4–1-7.

Plaintiff alleges that the Patents are invalid for failing to comply with at least one condition for patentability set forth in 35 U.S.C. 102. Compl. ¶¶ 34, 46. Plaintiff further alleges that the Patents were anticipated by prior art—including products that have been on sale since 2016—which disclosed the identical or similar glass can before the filing date of the Patents. *Id.* ¶¶ 34–38, 46–49.

On June 3, 2024, Plaintiff filed the Complaint in this action. *See* Compl. Plaintiff filed proof of service that Defendant was served on June 17, 2024. ECF No. 10. Defendant has failed to appear, answer, or otherwise move with respect to the Complaint. On July 10, 2024, a Clerk's Certificate of Default was entered. ECF No. 16. On July 12, 2024, the Court ordered Plaintiff to file a motion for default judgment in accordance with the Court's Individual Rules and Local Rule 55. ECF No. 17. On August 1, 2024, Plaintiff filed a motion for default judgment. ECF No. 18. On August 5, 2024, the Court ordered Defendant to show cause as to why default judgment should not be entered against it. ECF No. 20. The motion for default judgment and order to show cause were served on Defendant by overnight mail to Defendant's business address. ECF No. 21. Defendant failed to respond.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default

judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant against whom default is entered is deemed to have admitted the well-pleaded factual allegations in the complaint establishing liability. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Nonetheless, the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

## DISCUSSION

The Declaratory Judgment Act limits issuances of declaratory judgments to cases of "actual controversy." 28 U.S.C. § 2201(a). "A declaratory judgment plaintiff must demonstrate that the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544, 550 (S.D.N.Y. 2012), *aff'd*, 718 F.3d 1350 (Fed. Cir. 2013) (internal citation and quotation marks omitted). "The Federal Circuit has further refined this test to require an injury in fact traceable to the patentee, which only exists if plaintiffs have alleged both (1) an affirmative

3

act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Id*. (internal citation and quotation marks omitted).[2]

Plaintiff has alleged facts to sufficiently establish an actual case or controversy. Plaintiff alleges that on or around November 26, 2023, Defendant filed complaints with Amazon.com regarding Plaintiff's products. Compl. ¶ 17. According to an exhibit submitted with the Complaint, Defendant's complaints to Amazon.com alleged infringement of the D'994 Patent. *See* ECF No. 1-3. Defendant made "an implied assertion of its rights under the [Patents] against [Plaintiff's] products, and [Plaintiff] disagreed." *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009); *see also Oralic Supplies Inc. v. Huang*, No. 22-CV-623 (MHL), 2024 WL 55477, at *4 (E.D. Va. Jan. 4, 2024) (holding that the defendant's report of the plaintiff's infringement of the patent to Amazon and the resulting notice from Amazon to plaintiff "can reasonably be inferred as demonstrating an intent by [defendant] to enforce a patent" and created an actual controversy). Accordingly, Plaintiff properly seeks a declaratory judgment.

The Court thus turns to Plaintiff's argument that the Patents lack novelty in light of anticipatory prior art. *See* ECF No. 19 at 4–6. A person is not entitled to a patent if "the claimed invention was . . . in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1). "Anticipation is a question of fact and, in the design patent context, involves applying the ordinary observer test." *In re Samuels*, No. 2022-1121, 2024 WL 960931, at *1 (Fed. Cir. Mar. 6, 2024) (citing *International Seaway*

---

[2] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005), *overruled on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

*Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237–38 (Fed. Cir. 2009)). "Under that test, a prior-art design anticipates the claimed design 'if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Id*. (citing *International Seaway*, 589 F.3d at 1239).

In its Complaint, Plaintiff alleges that the Patents were filed in 2022. Compl. ¶¶ 9, 12. Plaintiff also alleges that prior art products have been on sale at least as early as 2016. *Id*. ¶¶ 34–38, 46–49. A comparison of the design claimed in the D'994 Patent, *see id*. ¶ 29, the D'426 Patent, *see id*. ¶ 41, and the pictures of the alleged prior art, *see id*. ¶ 37,[3] demonstrate that they are substantially the same in the eye of an ordinary observer such that one could purchase one supposing it to be the other. *See Comfort Wheels Inc. v. Shenzhen Miruisi Tech. Co.*, No. 21-CV-556 (TSE) (JFA), 2021 WL 4219265, at *4 (E.D. Va. Aug. 20, 2021), *report and recommendation adopted*, No. 21-CV-556 (TSE), 2021 WL 4199364 (E.D. Va. Sept. 13, 2021). Accordingly, the Court finds that the Patents are invalid.

Plaintiff next argues that because the Patents are invalid, Plaintiff is entitled to a declaratory judgment that it did not infringe those Patents. ECF No. 19 at 7. "[I]f at the end of the day, an act that would have been an infringement or an inducement to infringe pertains to a patent that is shown to be invalid, there is no patent to be infringed." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015). Accordingly, the Court finds that Plaintiff did not infringe

---

[3] The Court notes that although the Complaint states that the images in Paragraph 37 are of the D'994 Patent, the images are labeled as the D'896 Patent. Although likely a mislabeling, out of caution, the Court does not rely on the images labeled as the D'896 Patent and instead relies on the image of the D'994 Patent in Paragraph 29.

the Patents. *See Glacio Inc. v. Dongguan Sutuo Indus. Co.*, No. 22-CV-29 (MKD), 2024 WL 1705921, at *6 (E.D. Wash. Apr. 18, 2024).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. The Clerk of Court is directed to terminate ECF No. 18, enter judgment for Plaintiff, and close this case.

Dated: October 21, 2024
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge